17-1797(L)
Joel M. Levy, Judith W. Lynn v. Young Adult Institute, Inc.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of August, two thousand eighteen.

PRESENT:  DENNIS JACOBS,
          REENA RAGGI,
          PETER W. HALL,
                Circuit Judges.

- - - - - - - - - - - - - - - - - X

JOEL M. LEVY,
          Plaintiff-Counter-Defendant-Appellee-
          Cross-Appellant,

JUDITH W. LYNN,
          Plaintiff-Appellee-Cross-Appellant,

          -v.-                          17-1797, 17-2022

YOUNG ADULT INSTITUTE, INC., in its individual capacity and in its capacity as administrator of the Supplemental Pension Plan and Trust for Certain Management Employees of Young Adult Institute and the Life Insurance Plan and Trust for Certain Management Employees of YAI, dba YAI National Institute for People with Disabilities, BOARD OF TRUSTEES OF YOUNG ADULT INSTITUTE, INC., as administrator of the Supplemental Pension Plan and Trust for Certain Management Employees of Young Adult Institute, PENSION RETIREMENT COMMITTEE OF THE BOARD OF TRUSTEES OF YOUNG ADULT INSTITUTE, as administrator of the Supplemental Pension Plan and Trust for Certain Management Employees of Young Adult Institute, SUPPLEMENTAL PENSION PLAN AND TRUST FOR CERTAIN MANAGEMENT EMPLOYEES OF YOUNG ADULT INSTITUTE, LIFE INSURANCE PLAN AND TRUST FOR CERTAIN MANAGEMENT EMPLOYEES OF YAI,

<u>Defendants-Counter-Claimants-Appellants-Cross-Appellees</u>,

ELLIOT P. GREEN, 1 JOHN DOE, as trustees of the Supplemental Pension Plan for Certain Management Employees of Young Adult Institute, 2 JOHN DOE, as trustees of the Supplemental Pension Plan for Certain Management Employees of Young Adult Institute, 3 JOHN DOE, as trustees of the Supplemental Pension Plan for Certain Management Employees of Young Adult

2

**Institute, ISRAEL DISCOUNT BANK OF NEW YORK,**

              **Defendants.**

- - - - - - - - - - - - - - - - - X

FOR APPELLANTS-CROSS-APPELLEES: MICHAEL J. PRAME (Edward J. Meehan, Katherine B. Kohn, Paul J. Rinefierd, on the brief), Groom Law Group, Chartered, Washington, D.C.

FOR APPELLEES-CROSS-APPELLANTS: MICHAEL C. RAKOWER (Melissa Yang, on the brief), Rakower Law PLLC, New York, NY.

Appeal from judgments of the United States District Court for the Southern District of New York (Oetken, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgments of the district court are **AFFIRMED**.

The Young Adult Institute ("YAI") appeals from a December 2, 2015 partial summary judgment decision, an October 18, 2016 partial summary judgment decision, and a June 1, 2017 final judgment of the United Stated District Court for the Southern District of New York (Oetken, J.) which determined that, inter alia, YAI had breached contractual compensation obligations owed to Joel M. Levy and Judith W. Lynn. On appeal, YAI argues that the district court erred in: (1) concluding that the Supplemental Pension Plan and Trust ("SERP") and Life Insurance Plan and Trust ("LIPT") were enforceable notwithstanding that they violate the public policy against excessive or unreasonable compensation for executives of nonprofit and tax exempt corporations; (2) concluding that YAI materially breached the 2009 Acknowledgement and Release; (3) finding that the 1992 insurance policies are not SERP assets; and (4) concluding that YAI did not amend SERP in a 2005

Board meeting.  Levy, the former CEO of YAI, and his wife Lynn, cross-appeal, arguing that the district court erred in: (1) holding that YAI need not return funds it withdrew from SERP for use in its general operating fund and to settle pending litigation or purchase a commercial annuity; and (2) concluding that Levy waived his right to uncapped SERP benefits by signing the 2008 Employment Agreement.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

This case stems from a long-running dispute between YAI, a New York nonprofit corporation, and Levy, who worked for YAI from 1970-2009, and served as CEO from 1979-2009.  In 1999, YAI's Board of Trustees adopted a "Compensation Philosophy," which aimed to compensate its executives above the "90th percentile of organizations which could vie for the same management sought by the agency – particularly in the health care sector and for-profit enterprises."  App'x at 771.  Pursuant to this "philosophy," Levy's compensation package included, inter alia: SERP, a top-hat pension plan governed by ERISA which provides a participant with a lifetime monthly annuity and extends that benefit to a surviving spouse upon the death of the participant; $3,127,762 in life insurance benefits through the LIPT; and four insurance policies on Levy's life-- the 1992 Life Insurance Policies.

An Executive Compensation Committee, along with counsel and consultants, determined Levy's compensation.  Beginning in 2005, however, a YAI Board member raised concerns that Levy's, and other non-party executives', compensation may be excessive.  The Board purported to amend Levy's SERP benefits on March 22, 2005 through procedures that did not comply with the plan's amendment process.  In September 2008, the Board and Levy entered into an Employment Agreement, reducing Levy's SERP annuity to the level at which the Board purported to limit it in 2005.

On May 28, 2009, YAI's former chief financial officer brought a qui tam action against YAI, Levy, and others, alleging certain false information in YAI's annual cost reports.  Levy retired the following month.  The lawsuit triggered a complaint-in-intervention from the U.S. Attorney's Office for the Southern District of New York and the New York Office of the Attorney General.  In a January 2011 settlement, YAI agreed to pay $18 million to the state and federal

governments, as well as to accept ongoing oversight by the New York State Office of the Medicaid Inspector General. Levy was not found personally liable.

When Levy retired from YAI on June 30, 2009, he went into pay status under the SERP. However, YAI refused to pay any benefits until Levy and Lynn agreed to sign an Acknowledgement and Release that reduced the SERP spousal survivor benefit to 72.84 percent of Levy's SERP payments. After five months of suspension, Levy agreed to the Acknowledgement and Release.

On August 2, 2011, the New York Times newspaper printed a front-page story criticizing Levy's compensation at YAI as excessive.[1] Following publication, the New York State Office for People with Developmental Disabilities placed YAI on Early Alert, which is a precursor step to remedial action. YAI immediately ceased all SERP payments to Levy, and commissioned Mercer LLC to determine whether Levy's compensation and retirement benefits were reasonable. The Board then negotiated settlements with four other SERP beneficiaries to reduce their retirement benefits, and took steps to amend SERP to further limit compensation. Following the purported amendment, YAI withdrew $8.9 million from SERP to pay the qui tam settlement, and moved another $14.9 million from SERP to its general operating account.

In a February 2013 report, Mercer concluded that Levy's retirement compensation was excessive by approximately $10.4 million and recommended capping Levy's total future post-retirement payments at a considerably more modest $929,200 pension. YAI's counsel then contacted the Internal Revenue Service, self-reported an excess benefit transaction of approximately $10,497,100 in compensation to Levy, and filed an amended Form 990. The IRS took no action, and advised that even if the compensation was excessive, it is protected under the Grandfather Rule, 26 C.F.R. § 53.4958-1(f)(2), which exempts written contracts that became binding before September 13, 1995. Similarly, the New York Office of the Attorney General Charities Bureau has taken no action.

Levy commenced this action in the Southern District of New York in April

---

[1] See Russ Buettner, Reaping Millions in Nonprofit Care for Disabled, N.Y. TIMES, Aug. 2, 2011, available at https://www.nytimes.com/2011/08/02/nyregion/for-executives-at-group-homes-generous-pay-and-little-oversight.html.

2013 to challenge the withholding of his SERP payments.

We review a grant or denial of summary judgment de novo, VKK Corp. v. Nat'l Football League, 244 F.3d 114, 118 (2d Cir. 2001), "view[ing] the evidence in the light most favorable to the party opposing summary judgment, . . . draw[ing] all reasonable inferences in favor of that party, and . . . eschew[ing] credibility assessments," Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 122 (2d Cir. 2004) (internal quotation marks omitted). "Summary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003).

"On appeal from a bench trial, we review the district court's findings of fact for clear error and its conclusions of law de novo. Mixed questions of law and fact are likewise reviewed de novo." Oscar Gruss & Son, Inc. v. Hollander, 337 F.3d 186, 193 (2d Cir. 2003) (internal citation omitted).

Upon such review, we conclude that the district court properly determined that:

- The SERP and LIPT are enforceable and not voided or altered by the public policy defense under either the federal common law or New York state law.

- YAI materially breached the Acknowledgement and Release under the federal common law and New York state law by withholding compensation owed to Levy.

- The 1992 Insurance Policies, which were taken out in Levy's name, belong to Levy.

- YAI failed to amend SERP in the March 2005 Board meeting.

- YAI is not required to return the withdrawn $14.9 million or $8.9 million to SERP, or to purchase a commercial annuity under Section 4(e) of the 2008 Employment Agreement.

- Levy waived his right to uncapped SERP benefits when he signed the 2008 Employment Agreement.

Accordingly, we affirm for substantially the same reasons stated by the district court in its thorough decisions. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK